# In the United States Court of Federal Claims

| | |
|---|---|
| RICHARD NALTNER, *et al.*, Plaintiffs, v. THE UNITED STATES, Defendant. | No. 21-cv-1064<br><br>Filed: March 8, 2023 |

**ORDER**

There are three motions currently pending before this Court. The first is Defendant's Motion for Summary Judgment, which contends that Plaintiffs Richard Naltner and David Deetz are not entitled to overtime back pay as a matter of law. *See* Defendant's Motion for Summary Judgement (ECF No. 40) (Summary Judgment Motion) at 1. The second is Plaintiffs' Motion for Class Certification (Class Motion), filed on March 1, 2023. *See* Plaintiffs' Motion for Class Certification (ECF No. 41). In the Class Motion, Plaintiffs move this Court under Rule 23 to certify a class of United States Secret Service investigators and officers who were denied overtime pay under certain situations. *Id.* at 5. The current Scheduling Order in place did not set a date for the filing of the Class Motion. *See* Scheduling Order (ECF No. 34); Order Granting in Part Defendant's Motion to Amend Schedule (ECF No. 39). Plaintiffs filed the Class Motion "[i]n anticipation of this court potentially denying the pending Government summary judgment." Class Motion at 1.

The third motion — and the one at issue in this Order — is Defendant's Motion to Stay Its Duty to File a Response to Plaintiffs' Motion for Class Certification (Stay Motion), filed on March 3, 2023, shortly after Plaintiffs had filed their Class Motion. *See* Defendant's Motion to Stay (ECF

1

No. 43). In the Stay Motion, Defendant moves this Court to stay briefing on the Class Motion until after the Court rules on Defendant's pending Summary Judgment Motion. *Id.* at 1. Defendant argues a stay is appropriate because "the merits of class certification may well depend on the outcome of the Government's motion for summary judgment." Stay Motion at 2. Defendant notes that should this Court grant Defendant's Summary Judgment Motion, the Class Motion will become moot. *Id.* Alternatively, Defendant contends that even if this Court were to deny Defendant's Summary Judgment Motion, the opinion may inform whether Plaintiffs' claims "meet the class action requirements — including commonality, typicality, and adequacy." *Id.* at 2–3. Plaintiffs oppose Defendant's Stay Motion, arguing the motion is "the Government's latest delay tactic in the instant litigation." Plaintiffs' Opposition (Opp.) (ECF No. 44) at 2.

After considering the parties' arguments, this Court concludes there is good cause to stay briefing on the Class Motion. Accordingly, this Court **GRANTS** Defendant's Motion to Stay, ECF No. 43.

"The power of a federal trial court to stay its proceedings . . . is beyond question." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). "When and how to stay proceedings is within the sound discretion of the trial court." *Id.* Judicial and litigant economy is central to a court's decision to stay all or part of a proceeding. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

As a preliminary matter, granting the Stay Motion is consistent with the sequence of this case thus far. The parties' Joint Preliminary Status Report (JPSR) (ECF No. 22) contemplated an initial, "limited discovery period" related to Plaintiffs' capacity to serve as class representatives. *See* JPSR at 4. Only after this limited discovery, and "dependent upon the outcome of any potential Motions for Summary Judgment," did "the parties anticipate that plaintiffs will move for class

2

certification." *Id.* Based on this understanding and agreement by the parties, as reflected in the JPSR, it is premature to adjudicate the Class Motion. Although the Class Motion was not procedurally improper, it upset the agreed-upon sequence that Plaintiffs' capacity to be class representatives should be decided first, followed by class certification. Indeed, Plaintiffs previously acknowledged that deciding Plaintiffs' eligibility to be class representatives is "preliminary to ultimately moving for class certification." Transcript of Nov. 4, 2022 Status Conference (ECF No. 32) at 13:15–21. The Class Motion also acknowledges this point, stating it was filed "[i]n anticipation of this court potentially denying the pending Government summary judgment, and concluding that plaintiffs Naltner and Deetz are adequate class representatives." Class Motion at 1. With briefing on Defendant's Summary Judgment Motion nearly complete and oral argument set, there is no reason to discard the agreed-upon scheduling sequence in this case. *See* Order (ECF No. 39) (ordering completion of briefing by March 13, 2023); Minute Order, dated March 3, 2023 (scheduling oral argument for April 26, 2023).

Even setting aside the parties' representations regarding the case schedule, a stay of the Class Motion would still be appropriate. It would be inefficient to forge ahead on the class certification question when Plaintiffs' entitlement to relief is not yet decided, especially where, as here, the Summary Judgment Motion will be ripe for adjudication shortly. It is well-established that a plaintiff who "suffered no injury" is "not eligible to represent a class of persons who did allegedly suffer injury." *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403–04 (1977). Should this Court grant Defendant's Summary Judgment Motion, the Class Motion will be moot. Accordingly, deferring briefing and consideration of the Class Motion will further judicial and litigant economy.

Additionally, even if this Court were to ultimately deny summary judgment, the Court's ruling may impact whether Plaintiffs are sufficient class representatives under Rule 23(a). *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011) ("Frequently [the] rigorous analysis [of whether Rule 23(a) is satisfied] will entail some overlap with the merits of the plaintiff's underlying claim. That cannot be helped.") (internal citations omitted). That is what occurred in a prior, analogous case, *Horvath v. United States*, Case No. 16-688, in which the court deferred ruling on the plaintiff's motion to certify a class in similar circumstances. *See Horvath v. United States*, 149 Fed. Cl. 735, 741–43 (2020) (explaining, as background, that the court "[denied] defendant's motion for summary judgment and [deferred] the plaintiff's motion for class certification"). Indeed, Plaintiffs acknowledge that *Horvath* involved the same "claim set forth in this [case]." *See* Plaintiffs' First Amended Complaint (ECF No. 18), ¶ 28 ("The claim set forth in this complaint [was] also brought forth by the plaintiff Michael Horvath in *Horvath v. United States*."). This Court agrees with the approach taken in *Horvath* — deferral of class certification consideration until adjudication of summary judgment — as an appropriate and efficient course in this proceeding. As consideration of Defendant's Summary Judgment Motion may impact the merits of class certification, it is prudent to stay briefing on the Class Motion.

Accordingly, Defendant's Motion to Stay Its Duty to File a Response to Plaintiffs' Motion for Class Certification (ECF No. 43) is **GRANTED**. Defendant shall **FILE** its response to Plaintiffs' Class Motion (ECF No. 41) within 14 days of this Court's ruling on Defendant's Motion for Summary Judgment (ECF No. 40).

IT IS SO ORDERED.



*Eleni M. Roumel*
ELENI M. ROUMEL
Judge